1  VICTOR S. HALTOM, Esq.
   SBN - 155157
2  428 J Street, Suite 350
   Sacramento, California  95814
3  Telephone: (916) 444-8663

4  Attorney for Defendant
   ANDREY ANDREYEV

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:12-cr-00069 JAM |
| ) | |
| Plaintiff, ) | STIPULATION REGARDING |
| ) | EXCLUDABLE TIME PERIODS UNDER |
| v. ) | SPEEDY TRIAL ACT;[PROPOSED] |
| ) | FINDINGS AND ORDER |
| ANDREY ANDREYEV, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff United States of America, by and through its counsel of record, and defendants, Andrey Andreyev and Vitaliy Andreyev, by and through their counsel of record, hereby stipulate as follows:

   1.  By previous order, this matter was set for status on August 21, 2012.

   2.  By this stipulation, defendants now move to continue the status conference until December 11, 2012 at 9:45 a.m., and to exclude time between October 23, 2012 and December 11, 2012 under Local Code T4.  Plaintiff does not oppose this request.

3.  The parties agree and stipulate, and request that the Court find the following:

    a.  The government has represented that the discovery associated with this case includes voluminous records, including mortgage and bank records involving multiple transactions. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying, and/or will be made available.

    b.  Counsel for defendants desire additional time to review these materials, discuss the materials with their clients, and assess the potential sentencing ramifications of the materials. The government has provided proposed plea agreements to defense counsel. Defense counsel are going over the plea agreements with their clients.

    c.  Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.  The government does not object to the continuance.

    e.  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

/ / /

    f.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq.</u>, within which trial must commence, the time period of October 23, 2012 to December 11, 2012, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:    October 22, 2012.

                  /s/ **Lee Bickley**
                  **LEE BICKLEY**
                  Assistant United States Attorney

DATED:    October 22, 2012.

                  /s/ **Victor Haltom**
                  **VICTOR HALTOM**
                  Counsel for Defendant A. Andreyev

DATED:    October 22, 2012.

                  /s/ **John R. Duree, Jr.**
                  **JOHN R. DUREE, JR.**
                  Counsel for Defendant V. Andreyev

O R D E R

IT IS SO FOUND AND ORDERED this 22nd day of October, 2012.

```
_____
        /s/ John A. Mendez
        UNITED STATES DISTRICT COURT JUDGE
```